IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHIRLEY HENDERSON,            )
                              )
        Plaintiff,            )
                              )
v.                            )   Case No. 10-CV-01371-JTM
                              )
WYETH d/b/a WYETH, INC., and  )
WYETH PHARMACEUTICALS INC.,   )
                              )
        Defendants.           )
_____)

## MEMORANDUM AND ORDER

Before the Court are Defendant Wyeth's "Motion to Stay Pending the MDL Court's Ruling on General and Specific Causation in Progesterone Receptor-Negative Breast Cancer Cases" (Doc. 34) and Plaintiff's "Motion for Leave to File First Amended Complaint" (Doc. 41), both of which are fully briefed. For the reasons set forth below, the Court **DENIES** Defendant's Motion to Stay (Doc. 34) and **GRANTS** Plaintiff's Motion to Amend (Doc. 41).

## BACKGROUND

Plaintiff Shirley Henderson filed her case against Defendant Wyeth Pharmaceuticals Inc. in 2006 alleging that Defendant produced a hormone

therapy drug that caused breast cancer.  The case was brought in a multi-district litigation court (MDL), along with many other cases against Defendant with similar complaints.  Around October 2009, the MDL Court began remanding cases for trial, including Plaintiff's case.

Plaintiff's breast cancer was found to be PR-negative, meaning the cancer contained no form of Progesterone.  Recently, Defendant requested a *Daubert* hearing in the MDL Court to decide whether expert opinion could establish that its drug caused breast cancer when the cancer was found to be PR-negative.  Briefing on the motion was scheduled to be completed by June 27, 2011.  Defendant now moves this court to stay this case until the *Daubert* motion is decided in the MDL Court.

In addition, Plaintiff filed a motion to amend her Complaint.  She claims that Pfizer, Inc. (Pfizer), through a merger in 2009, now owns Defendant Wyeth and is liable for the drug at issue here.  Plaintiff seeks to include Pfizer as a Defendant in this proceeding.  In addition, an Amended Master Complaint was filed in 2008 in the MDL proceeding clarifying the failure to warn claim based on the 5 previous years of discovery.  Plaintiff would like to amend her Complaint to conform to the 2008 MDL Master Complaint and to include a request for punitive damages.

A.     **Defendant's Motion to Stay**.

Defendant has filed a Motion for Stay of this proceeding to allow the MDL Court to rule on the above-referenced *Daubert* motion that Defendant claims could have a significant impact on the case at bar.  Defendant argues that the MDL Court has considerable expertise in scientific issues involving its drug, and the anticipated ruling will be especially instructive in this case.

The Federal Rules of Civil Procedure do not, *per se* provide for a stay of proceedings.  The Rules do, however, state that a court may "make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense."  Fed.R.Civ.P. 26(c).  "The proponent of a stay bears the burden of establishing its need."  ***Clinton v. Jones***, 520 U.S. 681, 708 (1997).  If there is a reasonable possibility that the stay will cause hardship on plaintiff, defendant must establish a "clear case of hardship or inequity" to be granted a stay.  ***Landis v. North American Co.***, 299 U.S. 248, 255 (1936).  "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."  *Id*.

This Court finds that a stay of this already five year old case would be inappropriate.  A stay of this proceeding would cause considerable hardship on

Plaintiff as she is an elderly woman who has been diagnosed with, and treated for, cancer. Unlike Plaintiff, Defendant has failed to establish that denying the motion for stay would cause it undue hardship or inequity. Further, the MDL Court is not a higher court that would create a binding ruling on this case. Rather, the MDL Court has been asked to rule on a specific question pertaining to a different plaintiff's case. By Defendant's own admission, the answer to that question depends on the particular circumstances of the woman's cancer.

Although Defendant cites three cases to support the motion for stay, in all three cases the stay was granted because parallel proceedings would either fully resolve an issue that court was facing or potentially moot the case at bar.[1] While an MDL ruling on this issue may prove instructive in this proceeding, it would certainly not fully resolve this case. As such, the cases cited by Defendant are distinguishable. For the reasons set forth above, Defendant's motion is **DENIED**.

---

[1] *See **Toward Responsible Dev. v. City of Black Diamond**, No. C10-1826JLR, 2011 WL 649159 (W.D. Wash. Feb. 17, 2011) (staying federal proceeding to await decision of administrative board ruling that would moot the proceeding). See also **Burlington v. News Corp.**, No. 09-1908, 2011 WL 79777, at \*2-3 (E.D. Pa. Jan. 10, 2011) (granting stay to await Supreme Court decision on the viability of the "subordinate bias" theory in an employment discrimination case); **Allina Health Serv. v. Sebelius**, No. 10-1463-RMC, 2010 WL 5175015, at \*8 (D.D.C. Dec. 22, 2010) (granting stay to await appellate court ruling that would be binding and potentially dispose of an issue in the district court).

**B.     Plaintiff's Motion for Leave to Amend**.

Plaintiff filed a motion to amend her Complaint to include updated factual allegations based on the MDL Master Complaint filed in 2008, a request for punitive damages, and to add Pfizer as a Defendant. Defendant Wyeth does not object to the amendments based on the MDL Master Complaint or the request for punitive damages.  Defendant does, however, object to the inclusion of Pfizer as a Defendant on the grounds that it would be futile.  Defendant contends that Pfizer is a separate corporate entity and is, therefore, not liable for Defendant's actions.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires...." Fed. R. Civ. P. 15(a).  The granting of an amendment is withing the sound discretion of the court.  *See* **First City Bank, N.A., v. Air Capitol Aircraft Sales, Inc.**, 820 F.2d 1127, 1132 (10th Cir. 1987).  The United States Supreme Court has, however, indicated that the provision "leave shall be freely given" is a "mandate . . . to be heeded."  **Foman v. Davis**, 371 U.S. 178, 182 (1962).  "In determining whether to grant leave to amend, this Court may consider such factors as undue delay, the moving party's bad faith or dilatory motive, the

prejudice an amendment may cause the opposing party, and the futility of amendment." *Id.* at 182; *see also* **Jarrett v. Sprint/United Mgmt. Co.**, No. 97-2487-EEO, 1998 WL 560008, at *1 (D. Kan. 1998).

Here, Defendant does not argue that the proposed amendment was made in bad faith, or would cause prejudice or undue delay.  Instead, Defendant argues that the amendment is futile because Pfizer is not liable for Defendant's actions.  Although futility is an issue to consider with respect to amended complaints, this Court cannot properly analyze whether adding Pfizer would be futile without more information regarding Defendant's business relationship with Pfizer.  As such, this Court in it's "sound discretion" holds that the issue of Pfizer's potential liability would be better adjudicated through a motion to dismiss or motion for summary judgment.

For the reasons stated herein, Defendant's Motion to Stay (Doc. 34) is **DENIED** and Plaintiff's Motion to Amend Complaint (Doc. 41) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 4th day of August 2011, at Wichita, Kansas.

S/ KENNETH G. GALE
Kenneth G. Gale
UNITED STATES MAGISTRATE JUDGE